IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nathaniel Harold Green, <br><br> PLAINTIFF, <br><br> v. <br><br> Internal Revenue Service, William P. Barr, Sherri A. Lydon, <br><br> DEFENDANTS. | Case No. 2:19-cv-03253-TLW <br><br> **Order** |

Plaintiff Nathaniel Green, proceeding *pro se*, brings this civil action regarding collection actions by the Internal Revenue Service for a United States Department of Education loan as well as garnishment of his social security for unpaid taxes. ECF No. 1. The Plaintiff alleges that he is entitled to a declaratory judgment that he owes nothing, that the government be enjoined from levying his benefits and tax refund, and that he be paid $12 billion for his trouble. *See* ECF No. 1. The matter now comes before the Court for review of the Report and Recommendation (Report) filed by the magistrate judge to whom this case was assigned. ECF No. 14.

In the Report, the magistrate judge recommends that this case be dismissed as frivolous. The magistrate judge found that under 28 U.S.C. § 1915, which this action is brought pursuant to, an action may be dismissed if it is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B). In reviewing a complaint for frivolousness or malice, the court looks to see whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions. *Harley v. United States*, 349 F. Supp. 2d 980, 981 (M.D.N.C. 2004) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)). The magistrate judge found

1

that in this case, the complaint is comprised of factual allegations that are not credible, and which fail to state a claim for relief. The magistrate judge found that the complaint provides no valid factual allegations with respect to repayment of his United States Department of Education loan. As to the challenges to the garnishment of his social security for repayment of back taxes, the magistrate judge found that the challenge is subject to dismissal pursuant to the Anti-Injunction Act. 26 U.S.C. § 7421(a) ("[N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." Therefore, the magistrate judge recommends that the action be dismissed. After the magistrate judge filed the Report, Plaintiff filed objections. ECF No. 16. The objections do not offer any legal or factual basis to reject the Report. This matter is now ripe for decision.

In reviewing the Report, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report and the objections. After careful review of the Report and the objections, for the reasons stated by the magistrate judge, the Report, ECF No. 14, is **ACCEPTED**. Plaintiff's

2

objections, ECF No. 16, are **OVERRULED**.  Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

<u>s/ Terry L. Wooten</u>
Terry L. Wooten
Senior United States District Judge

May 29, 2020
Columbia, South Carolina